# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| MELVINA CATHERINE MANNING,<br><br>Respondent,<br><br>v.<br><br>ZACKARIAH JEREMIAH BENNETT,<br><br>Appellant. | No. 84951-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Zackariah Bennett moved under RAP 15.2 for an order of indigency with regard to a separate appeal, No. 84450-4-I. In that appeal, Bennett seeks review of a domestic violence protection order protecting Melvina Manning.

The trial court denied Bennett's motion, stating only, "GROUNDS NOT MET UNDER RAP 15.2. MOTION DENIED." Bennett appeals the order denying his motion, and we now reverse.

Under RAP 15.2(a), "[a] party seeking review in the Court of Appeals . . . partially or wholly at public expense must move in the trial court for an order of indigency." Because Bennett is not seeking review in a type of case listed in RAP 15.2(b), his motion was governed by RAP 15.2(c). See RAP 15.2(b) (setting forth the procedure when the moving party seeks review in (1) certain criminal prosecutions, (2) dependency and termination cases, (3) commitment proceedings, (4) civil contempt cases directing incarceration of the contemnor,

(5) certain habeas cases, and (6) "any other case in which the party has a constitutional or statutory right to counsel at all stages of the proceeding"); see also RAP 15.2(c) (setting forth the procedure for "cases not governed by [RAP 15.2(b)]").

Under RAP 15.2(c), "the trial court shall determine in written findings the indigency, if any, of the party seeking review." If it determines the party is not indigent, then it must deny the motion and must also enter "findings designating the funds or sources of funds available to the party to pay all of the expenses of review." RAP 15.2(c)(1). If, on the other hand, the trial court determines that the party seeking review is indigent, it must enter findings to that effect and then forward them to the Supreme Court. RAP 15.2(c)(2). The Supreme Court—not the trial court—will then determine whether the party seeking review is entitled to review partially or wholly at public expense. RAP 15.2(d); see also RAP 15.2(c) (party seeking review must demonstrate a constitutional or statutory right to review at public expense, "the right to which will . . . be determined *by the Supreme Court*" (emphasis added)).

Here, the trial court erred by not determining Bennett's indigency or entering findings as required by RAP 15.2(c). And to the extent the trial court determined the ultimate issue of whether Bennett was entitled to review at public expense, it also erred by deciding an issue that RAP 15.2(c) expressly reserves for the Supreme Court.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

FOR THE COURT:

_____
Dwyer, J.

_____
Coburn, J.

_____
Andrus, J.P.T.